In the Matter of the Opening, Widening and Improvement of FLUSHING AVENUE IN LONG ISLAND CITY.

(Argued March 2, 1886; decided March 9, 1886.)

THIS was a motion to vacate an order appointing commissioners of estimate and assessment in the matter above entitled.

The following is the *mem.* of opinion:

"The Flushing Avenue Improvement Commissioners appointed by the act chapter 326 of the Laws of 1881, gave notice that they would apply to the Supreme Court at a Special Term thereof, to be held at the Kings county court-house in the city of Brooklyn on the first Monday of July, 1881, on the opening of the court on that day, or as soon thereafter as counsel could be heard, for the appointment of three commissioners of estimate and apportionment for the purpose of widening and improving Flushing avenue, as provided in various acts of the legislature in relation thereto, and to make assessments therefor. The first Monday of July was the Fourth of July, and that being a legal holiday, no court was opened or held; but on the next day, July fifth, the motion was made and an order was granted and entered appointing the commissioners, no one appearing in opposition thereto. The claim is now made on behalf of these appellants that that order was improperly granted on the fifth of July, as the court was not formally opened on the fourth and adjourned until that time. It appears by the affidavit made by the clerk of the Special Term of the Supreme Court that he gave due notice and made proclamation that the court would be adjourned to the following day, Tuesday, July fifth. The General Term has construed this affidavit to mean that the notice was

given and proclamation made on the fourth, and thus that the court was regularly adjourned in pursuance of the statute, and that, therefore, the order was regularly made on the next day. (Code, §§ 35, 36.) But even if this construction of the affidavit be erroneous and the notice was given and proclamation made by the clerk on the second of July, as claimed by the appellants, and even if there was no notice or proclamation of any kind at any time, the appointment of the commissioners on the fifth of July was at most a mere irregularity, and the order was not void. It does not appear that these appellants or any other persons were misled or that they appeared on the fourth. If they had appeared on that day it would have been quite easy for them to ascertain, by inquiry of the clerk or otherwise, the public and notorious fact that the court was not to be held on the fourth but that it would be open on the fifth. The affidavits used to oppose this motion show that these appellants had notice of the order soon after it was made, and yet they delayed until the fourteenth day of October — more than three months after the order was entered — before they made the motion to vacate it. In the meantime the commissioners appointed had gone on under the order with the knowledge of these appellants and substantially completed their report, and much expense in the execution of their duties had been incurred. Under such circumstances it could well be held that the appellants were precluded by their own *laches* from any right to raise the question of irregularity.

" The appellants also claim that the order appointing the commissioners was illegal and void for the reason that the act authorizing the improvement of Flushing avenue was unconstitutional and void, for various reasons alleged by them. They did not have the absolute right to prevail on their motion upon the constitutional grounds alleged by them, even if those grounds were well taken. The court could deny the relief claimed by them upon this motion, on the ground of *laches*, without passing upon the constitutional questions, as it was substantially decided in the *Matter of the Application of Emily P. Woolsey*, one of these appellants (95 N. Y. 135). But there is a still more satisfactory ground for denying the motion

made by these appellants. They are but two of the many persons affected by the order made. So far as appears, all the other persons whose lands were taken, and against whom assessments were made, have acquiesced in the order; and at the time this motion was made, as has been already stated, the commissioners of estimate and assessment had substantially completed their report. This order cannot be set aside as to these appellants and left to stand as to all the other parties interested. The appointment of these commissioners must stand as made or be wholly vacated. Many of the other parties may have consented to the order and acquiesced in it, or may have so acted under it as to have estopped themselves from denying its validity. Under such circumstances it is impossible to perceive how the court could set aside the appointment of these commissioners in part and leave it to stand in part. And upon this ground it was competent for the Supreme Court to deny this motion.

" If the act, for the purposes of which these commissioners were appointed, is unconstitutional and void, these appellants can raise the constitutional questions when their lands are taken, or when it is attempted to enforce any assessment against them; and it is better and wiser that they should be left to their remedy by action and not be permitted to pursue it by motion to vacate the order of which they complain.

" For all these reasons, therefore, we are of opinion that the order of the General Term should be affirmed, with costs."

*Frank E. Blackwell* for appellants.

*G. W. Cotterill* for respondent.

EARL, J., reads for affirmance.
All concur.
Order affirmed.